UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| CISCO SYSTEMS, INC., et al., | Case No. 18-cv-00480-LB |
| Plaintiffs, | |
| v. | **ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO SERVE DEFENDANTS BY EMAIL AND PUBLICATION** |
| DMITRI SHAITOR, et al., | |
| Defendants. | Re: ECF No. 13 |

## INTRODUCTION

Plaintiffs Cisco Systems, Inc. and Cisco Technology, Inc. (collectively "Cisco") are networking, communications, and information technology companies.[1] Cisco is suing defendants Dmitri Shaitor and his company OD Networks for allegedly selling networking components, labels, and packing materials with counterfeit Cisco trademarks.[2] Cisco brings claims for federal and state trademark infringement, trademark counterfeiting, false advertising, and unfair competition.[3]

---

[1] Compl. – ECF No. 1 at 2, 4. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Mot. for Order Authorizing Service by Email and/or Publ'n – ECF No. 13.

[3] Compl. – ECF No. 1 at 11–14.

ORDER – No. 18-cv-00480-LB

Cisco states that it has made repeated attempts to serve the summons and complaint on the defendants in person and via mail but that the defendants have been evading service. Cisco therefore seeks to serve the defendants by alternative methods, namely, by email and publication.[4]

The court finds the matter suitable for determination without oral argument under Civil Local Rule 7-1(b). The court authorizes Cisco to serve the defendants by email and publication. The court also directs Cisco to email and mail a copy of the summons and complaint to Mr. Shaitor's criminal attorney, Jonathan Jeffress of Kaiser Dillion PLLC.

## STATEMENT

Cisco develops and provides technology products and services to individuals, businesses, and service providers.[5] In connection with this business, Cisco owns the following six trademarks:[6]

| Mark | Registration Number | Registration Date |
| --- | --- | --- |
| CISCO | 1,542,339 | June 6, 1989 |
| CISCO SYSTEMS | 1,996,957 | August 27, 1996 |
| CISCO | 2,498,746 | October 16, 2001 |
| CISCO | 3,759,451 | March 9, 2010 |
| CISCO | 3,978,294 | June 14, 2011 |
| CISCO | 4,263,591 | December 25, 2012 |

Cisco alleges that between November 2012 and October 2014, Mr. Shaitor and OD Networks imported and attempted to import counterfeit products bearing infringing Cisco trademarks.[7] The United States government was "actively investigating" Mr. Shaitor and formally charged him with trafficking in counterfeit goods on April 20, 2017.[8] On May 10, 2017, Mr. Shaitor pled guilty to

---

[4] Mot. for Order Authorizing Service by Email and/or Publ'n – ECF No. 13 at 1–2.
[5] Compl. – ECF No. 1 at 4 (¶ 14).
[6] Id. at 5 (¶ 17).
[7] Id. at 7–8 (¶¶ 24–28).
[8] Id. at 8 (¶ 29).

trafficking in counterfeit goods after signing a plea agreement.[9] According to the plea agreement, Mr. Shaitor "wholly owned OD Networks LLC," "caused OD Networks to import various networking components, labels, and specialized packing materials with counterfeit 'CISCO' trademarks," and sold these products "online via its eBay.com storefront — 'od_net' — and, upon information and belief, a business-to-business trade board named ISP.Equipment.com."[10]

After entering his guilty plea, on or around May 12, 2017, "OD Networks caused a single 'Cisco Catalyst Switch' to be shipped into Covina, California which was seized by CBP."[11] On or around August 18, 2017, "the government requested that Cisco authenticate images of ten C3KX-NM-10G network modules ('Network Modules') that Shaitor was attempting to import."[12] "Upon information and belief, CBP has seized approximate 471 counterfeit 'Cisco' products that Shaitor and OD Networks attempted to import."[13] "Cisco has sent at least two cease and desist letters" to the defendants.[14] On October 3, 2017, the District Court of Maryland sentenced Mr. Shaitor to six months home confinement with electronic monitoring and three years of probation.[15]

On January 22, 2018, Cisco filed this action.[16] Cisco brings claims for: (1) Federal Trademark Infringement, 15 U.S.C. § 1114(1)(a); (2) Federal Trademark Counterfeiting, 15 U.S.C. § 1114(1)(b)); (3) Federal Unfair Competition, 15 U.S.C. § 1125(a); (4) California Common Law Trademark Infringement; and (5) California Unfair Competition, Cal. Bus. & Prof. Code §§ 17200 *et seq*.[17]

---

[9] *Id.*
[10] *Id.* at 2 (¶ 3).
[11] *Id.* at 8 (¶ 30).
[12] *Id.* (¶ 31).
[13] *Id.* (¶ 32).
[14] *Id.* (¶ 33).
[15] *Id.* at 10 (¶ 40).
[16] *Id.* at 15.
[17] *Id.* at 11–14.

On April 19, 2018, Cisco filed a motion to extend the time to serve the defendants.[18] Cisco stated it had good cause for the motion because it "had been diligent in attempting to serve the defendants but had been unable to do so thus far as a result of factors beyond its control."[19] The court granted the motion and extended the deadline to serve to June 21, 2018.[20] On June 14, 2018, Cisco filed the instant administrative motion to serve the defendants by alternative means.[21] Given the upcoming service deadline, the court extended the deadline to serve to August 2, 2018.[22]

Cisco's motion to serve by alternative means describes the following with respect to its attempts to properly serve the defendants. Cisco reviewed public records to locate the defendants and found three different addresses affiliated with the defendants: (1) 1706 Mount Washington Court, Apt. E, Baltimore, MD 21209; (2) 7859 NW 165th St., Miami Lakes, FL 33106; and (3) 100 Bayview Drive, Apt. 1429, Sunny Isles Beach, FL 33160.[23] Through a report on the Miami-Dade County Office of the Property Appraiser's website, Cisco founds that Mr. Shaitor owned the Miami Lakes address. A purchase order from OD Networks related to purchasing counterfeit items listed the Miami Lakes address as OD Network's address.[24] Mr. Shaitor's probation officer is located in the Southern District of Florida and has a Miami-based telephone number, and the Miami Lakes address is a suburb of Miami.[25] Through a comprehensive report generated on December 6, 2017, Cisco found that Mr. Shaitor lives or lived at the Sunny Isle

---

[18] Mot. to Enlarge Time to Serve – ECF No. 11.

[19] *Id.* at 2.

[20] Order – ECF No. 12.

[21] Mot. for Order Authorizing Service by Email and/or Publ'n – ECF No. 13.

[22] Order – ECF No. 14.

[23] Mot. for Order Authorizing Service by Email and/or Publ'n – ECF No. 13 at 1; Counsel Email, Ex. F – ECF No. 13-1 at 2 (¶ 3–6).

[24] Colosi Decl., Exs. C, D – ECF No. 11-1 at 13–15.

[25] Mot. for Order Authorizing Service by Email and/or Publ'n – ECF No. 13 at 2 n.1.

address.[26] The Business Entity search results page on Maryland's Secretary of State website listed OD Networks's address as the Baltimore address.[27]

Between January and March 2018, Cisco attempted to serve the defendants six times at the Miami Lakes address, four times at the Sunny Isle Beach address, and once at the Baltimore address.[28] Process servers for the Miami Lakes address noted cameras on the property, the same covered car parked outside, and lights on inside and outside the house.[29] The occupant of the Baltimore address stated that he did not know of either defendant.[30] The front desk person and the doorman at the Sunny Isle Beach address both stated that they did not know of either defendant.[31]

On January 23, 2018, Cisco attempted to serve the defendants through Mr. Shaitor's criminal attorney Jonathan Jeffress of Kaiser Dillion PLLC.[32] Mr. Jeffress refused service because he was not representing Mr. Shaitor at the time.[33]

On February 28, 2018, Cisco contacted the Assistant United States Attorney and Mr. Shaitor's probation officer in an attempt to determine Mr. Shaitor's location.[34] The probation officer stated he could not reveal Mr. Shaitor's location.[35]

On March 30, 2018, Cisco attempted to serve the defendants by sending requested waivers of service mail at the Miami Lakes address.[36] The waivers of service were not returned.[37]

---

[26] Comprehensive Rep., Ex. E – ECF No. 11-1 at 23.
[27] Sec. of State Search, Ex. B – ECF No. 11-1 at 10.
[28] Colosi Decl. – ECF No. 11 at 2 (¶ 7).
[29] Counsel Email, Ex. F – ECF No. 11-1 at 52.
[30] Email Thread, Ex. H – ECF No. 11-1 at 60.
[31] Counsel Email, Ex. F – ECF No. 11-1 at 53.
[32] Counsel Email, Ex. F – ECF No. 13-1 at 53.
[33] *Id.* at 53.
[34] Colosi Decl. – ECF No. 11-1 at 3 (¶ 9).
[35] *Id.*
[36] Colosi Decl. – ECF No. 13-1 at 3 (¶ 10); Mot. – ECF No. 13 at 1–2.
[37] Colosi Decl. – ECF No. 13-1 at 3 (¶ 10).

On June 12, 2018, Cisco emailed the summons, complaint, and other documents to the defendants at info@odnetworksllc.com, requesting confirmation of receipt.[38] Mr. Shaitor previously used this email in connection with OD Network's sales of counterfeit products.[39] The emails did not "bounce back."[40] Mr. Shaitor has not responded to the email.[41]

Cisco now moves to serve the summons and complaint on Mr. Shaitor by email at the address it served to on June 12, 2018 — info@odnetworksllc.com — or in the alternative, to serve by both email and publication in an appropriate newspaper serving Miami Lakes, Florida.

## ANALYSIS

### 1. Governing Law

Under Federal Rule of Civil Procedure 4(e), a plaintiff may serve an individual in the United States using any method permitted by the law of the state in which the district court is located or in which service is affected. Fed. R. Civ. P. 4(e)(1). California law allows for five basic methods of service: (1) personal delivery to the party, *see* Cal. Civ. Proc. Code § 415.10; (2) delivery to someone else at the party's usual residence or place of business with mailing after (known as "substitute service"), *see id.* § 415.20; (3) service by mail with acknowledgment of receipt, *see id.* § 415.30; (4) service on persons outside the state by certified or registered mail with a return receipt requested, *see id.* § 415.40; and (5) service by publication, *see id.* § 415.50.

"While the California Code includes no explicit provision for service by email, it provides a broad framework for alternative means of service: 'Where no provision is made in this chapter or other law for the service of summons, the court in which the action is pending may direct that summons be served in a manner which is reasonably calculated to give actual notice to the party to be served.'" *Aevoe Corp. v. Pace*, No. C 11-3215 MEJ, 2011 WL 3904133, at *1 (N.D. Cal. Sept.

---

[38] June 12 Service Email, Ex. I – ECF No. 13-1 at 82.

[39] Email Thread, Ex. H – ECF No. 13-1 at 67–80.

[40] Colosi Decl. – ECF No. 13-1 at 3 (¶ 12).

[41] *Id.*

6, 2011) (quoting Cal. Civ. Proc. Code § 413.30). Courts have construed Section 413.30 as authorizing service by email where email service "is reasonably calculated to give actual notice to the party to be served," particularly where there is evidence that the defendant is evading service. *See, e.g.*, *id.*; *Steve McCurry Studios, LLC v. Web2Web Mktg., Inc.*, No. C 13-80246 WHA, 2014 WL 1877547, at *2–3 (N.D. Cal. May, 9, 2014); *United Health Servs., Inc. v. Meyer*, No. C 12-6197 CW, 2013 WL 843698, at *2 (N.D. Cal. Mar. 6, 2013).

California law also permits service by publication "if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner" specified in Article 3 of the California Code of Civil Procedure. Cal. Civ. Proc. Code § 415.50(a). In determining whether a plaintiff has exercised "reasonable diligence," the court examines the affidavit to see whether the plaintiff "took those steps a reasonable person who truly desired to give notice would have taken under the circumstances." *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 333 (1978). The "reasonable diligence" requirement "denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney." *Kott v. Super. Ct.*, 45 Cal. App. 4th 1126, 1137 (1996). "Before allowing a plaintiff to resort to service by publication, the courts necessarily require him to show exhaustive attempts to locate the defendant, for it is generally recognized that service by publication rarely results in actual notice." *Watts v. Crawford*, 10 Cal. 4th 743, 749 n.5 (1995) (internal quotations and citations omitted). And because of due process concerns, service by publication should be allowed only "as a last resort." *Donel*, 87 Cal. App. 3d at 333. "However, when there is evidence that a defendant is evading service, courts are more willing to allow alternative methods such as service by publication." *Felix v. Anderson*, No. 14-cv-03809-JCS, 2015 WL 545483, at *2 (N.D. Cal. Feb. 9, 2015) (citing *Miller v. Super Ct.*, 195 Cal. App. 2d 779, 786 (1961)).

That a plaintiff has taken one or a few reasonable steps to serve a defendant does not mean that all "myriad . . . avenues" have been properly exhausted to warrant service by publication. *Id.* But a plaintiff will generally satisfy its burden through "[a] number of honest attempts to learn [a] defendant's whereabouts or his address" by asking his relatives, friends, acquaintances, or

employers, and by investigating "appropriate city and telephone directories, the voters' register, and the real and personal property index in the assessor's office, near the defendant's last known location." *Kott*, 45 Cal. App. 4th at 1137 (internal quotations omitted). "These are likely sources of information, and consequently must be searched before resorting to service by publication." *Id.* The reasonable-diligence inquiry is fact and case specific. *Id.* at 1137–38 ("[T]he showing of diligence in a given case must rest on its own facts and no single formula or mode of search can be said to constitute due diligence in every case.")

### 2. Application

The court first looks to whether the plaintiff demonstrated reasonable diligence in its attempts to serve the defendants. Here, Cisco attempted to serve the defendants by (1) looking through three different public records for the defendant's addresses,[42] (2) attempting eleven times to have a process server personally serve the defendants at Mr. Shaitor's three home and business addresses (including attempting to serve at different times of the day and focusing primarily on the Miami Lake residence),[43] (3) attempting to serve the summons and complaint to Mr. Shaitor via his counsel in his criminal case,[44] (4) attempting to find Mr. Shaitor's location through his parole officer and the Assistant United States Attorney,[45] (5) attempting to serve Mr. Shaitor by mail,[46] and (6) attempting to email Mr. Shaitor via his business email address.[47] The court therefore finds that Cisco has attempted with reasonable diligence to serve the defendants.

The court next looks to whether service by email is reasonably calculated to give actual notice to the defendants. Here, Mr. Shaitor has previously used the info@odnetworksllc.com address for

---

[42] Colosi Decl. – ECF No. 13-1 at 11–51.

[43] Non-Service Rep., Ex. G – ECF No. 13-1 at 56–65; ECF No. 13 at 3.

[44] Counsel Email, Ex. F – ECF No. 13-1 at 53–54.

[45] Colosi Decl. – ECF No. 11-1 at 3 (¶ 9).

[46] *Id.* at 3 (¶ 10).

[47] Email Thread, Ex. H – ECF No. 13-1 at 77–132.

conducting his business activities.[48] There was no bounce back when Cisco emailed that address on June 12, 2018.[49] Service at info@odnetworksllc.com is reasonably calculated to give Mr. Shaitor actual notice. Mr. Shaitor has also previously acknowledged in his criminal plea agreement that he wholly owned OD Networks and caused OD Networks to act in allegedly violating Cisco's trademarks, so service on Mr. Shaitor is reasonably calculated to give actual notice to OD Networks as well.

Out of an abundance of caution, the court also takes Cisco up on its proposal[50] to serve the defendants by publication as well. *Cf. Aevoe*, 2011 WL 3904133, at *2. Additionally, to provide the defendants with another potential avenue of notice, the court also directs Cisco to email and mail a copy of the summons and complaint to Mr. Shaitor's criminal attorney Mr. Jeffress.[51]

## CONCLUSION

The court grants Cisco leave to serve the defendants by (1) email at info@odnetworksllc.com and (2) publication in the Miami Herald, the Sun-Sentinel, or other newspaper serving Miami Lakes. Service by publication must comply with California Government Code § 6064, which provides in the publication in the newspaper must occur four times with five days in between each publication. The court also directs Cisco to email and mail a copy of the summons and complaint to Mr. Shaitor's criminal attorney, Jonathan Jeffress of Kaiser Dillion PLLC, with a request that he forward it to Mr. Shaitor.

**IT IS SO ORDERED.**

Dated: June 25, 2018

LAUREL BEELER
United States Magistrate Judge

---

[48] *Id.* at 67.

[49] Mot. for Order Authorizing Service by Email and/or Publ'n – ECF No. 13 at 2.

[50] *Id.* at 6.

[51] For avoidance of doubt, the court notes that it is not requiring Mr. Jeffress to formally accept service on Mr. Shaitor's behalf. The court is authorizing service by email and publication; it directs Cisco to send Mr. Jeffress a copy of the summons and complaint solely as an additional consideration to the defendants.