1  FRANK R. UBHAUS, CA STATE BAR NO. 46085
   BERLINER COHEN, LLP
2  TEN ALMADEN BOULEVARD
   ELEVENTH FLOOR
3  SAN JOSE, CALIFORNIA 95113-2233
   TELEPHONE: (408) 286-5800
4  FACSIMILE: (408) 998-5388
   frank.ubhaus@berliner.com

ATTORNEYS FOR DEFENDANT
DMITRI SHAITOR AND OD NETWORKS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC., a California corporation, and CISCO TECHNOLOGY, INC., a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>DMITRI SHAITOR, an individual and OD NETWORKS, a Maryland limited liability company, and DOES 1-50,<br><br>Defendants. | CASE NO.  18CV00480-LB<br><br>DEFENDANTS DMITRI SHAITOR AND OD NETWORKS ANSWER TO COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF<br><br>Judge:    Magistrate Judge Laurel Beeler<br>Complaint filed: 01/22/2018 |

Defendants DMITRI SHAITOR, an individual and OD NETWORKS, for themselves alone and for no other Defendant, hereby answer the unverified Complaint of Plaintiffs CISCO SYSTEMS, INC., a California corporation, and CISCO TECHNOLOGY, INC., ("CISCO") as follows:

I.  INTRODUCTION

1. Defendants deny that they engaged in mass infringement and counterfeiting and related unfair competition from the resale of Cisco's products and services as alleged in Paragraph 1.

///

## II. THE PARTIES

2. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 2 and therefore denies them on that basis.

3. Defendants admit that defendant Shaitor pled guilty to a criminal Information and that he signed a plea agreement in connection with that matter. The Information and plea agreement speak for themselves, otherwise, defendants deny the allegations contained in Paragraph 3.

4. Defendants admit that OD Networks is a Maryland limited liability company with its principal place of business in Baltimore, Maryland. Defendants deny the balance of Paragraph 4 except to the extent that matters alleged therein are covered by the Information and plea agreement referenced in Paragraph 3.

5. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegation in Paragraphs 5-8 and therefore denies them on that basis.

## III. JURISDICTION

6. Defendants admit the allegations of Paragraph 9-10.

7. Defendants deny the allegations of Paragraph 11.

## IV. VENUE

8. Defendants deny the allegations of Paragraph 12.

9. Defendants admit the allegations of Paragraph 13.

## V. FACTUAL ALLEGATIONS

10. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraphs 14-20 and therefore denies them on that basis.

11. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraphs 21-23 and therefore denies them on that basis.

## VI. ALLEGATIONS RELATING TO DEFENDANTS' UNLAWFUL SCHEMES

12. Defendants deny the allegations of Paragraph 24 other than to the extent of the admissions made in the plea agreement referenced in Paragraph 3.

13. Defendant lack sufficient information and belief as to the truth or falsity of the allegations in Paragraph 25 and therefore denies them on that basis.

14. Defendants lack sufficient information and belief as to the truth or falsity of the allegations in Paragraph 26 and therefore denies them.

15. Defendants lack sufficient information and belief as to the truth or falsity of the allegation in Paragraph 27, other than admitting that Defendant OD Networks ordered 448 original Cisco modules and that apparently 148 of the modules shipped were, according to Cisco, counterfeit, and therefore denies the balance of the allegations.

16. Defendants admit the allegations of Paragraph 28 except deny that the products were not seized.

17. Defendants admit that he plead guilty but otherwise denies the allegations of Paragraph 29.

18. Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 30 and on therefore denies the allegations other than to admit that order the referenced switch for a customer in California on a business-to-business marketplace for brokers and resellers called Brokerbin.com.

19. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 31 and therefore deny the allegations.

20. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 32 and therefore deny the allegations.

21. Defendants admit the allegations of Paragraph 35 regarding the execution of a search warrant and admit that defendant Shaitor signed a plea agreement; otherwise, defendant denies the allegations.

22. Defendants admit the allegations of Paragraph 36.

23. Defendants admit the allegations of Paragraph 37.

24. Defendants admit the allegations of Paragraph 38 but deny that defendants targeted their sales efforts to customers in the Northern District of California.

25. With respect to the allegations of Paragraph 39, defendants admit the Information was filed and that defendant Shaitor entered a guilty plea as set forth in the plea agreement.

26. Defendants admit the allegation of Paragraph 40.

**FIRST CLAIM FOR RELIEF**
[Federal Trademark Infringement]
(15 U.S.C. §1114(1)(a))

27. With respect to Paragraph 41, Defendants incorporate the responses to the allegations contained in Paragraphs 1 – 40 of this Answer.

28. Defendants lack knowledge or belief sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 42 and therefore deny the allegations.

29. Defendants deny that they knowingly sold, offered to sell, distributed or advertised infringing networking hardware products of Cisco as alleged in paragraph 43.

30. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 44 and therefore deny the allegations.

31. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegation in Paragraph 45 and therefore deny the allegations but deny intentional calculation to mislead.

32. Defendants deny the allegations of Paragraph 46.

33. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 47 and therefore deny the allegations.

34. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegation in Paragraph 48 and therefore deny the allegations.

**SECOND CLAIM FOR RELIEF**
[Federal Trademark Counterfeiting]
(15 U.S.C §1114(1)(b))

35. With respect to the allegations in Paragraph 49, Defendants incorporate the responses to the allegations of Paragraphs 1 – 48 contained in this Answer.

36. Defendants deny intentionally doing the acts described in Paragraph 50.

37. Defendants deny intentionally doing the acts described in Paragraph 51.

38. Defendants deny the allegations of Paragraph 52.

39. Defendants deny the allegation of Paragraph 53.

### THIRD CLAIM FOR RELIEF
[Federal Unfair Competition]
(15 U.S.C §1125(a))

40. With respect to the allegations of Paragraph 54, Defendants incorporate the responses to the allegations of Paragraph 1 – 53 contained in this Answer.

41. Defendants deny the intentional resale of infringing products as alleged in Paragraph 55; otherwise, defendants lack knowledge or belief sufficient to form a belief as tot the truth or falsity of the allegations in Paragraph 55 and therefore deny the allegations.

42. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 56 and therefore deny the allegations.

43. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraphs 57 – 58 and therefore deny the allegations.

### FOURTH CLAIM FOR RELIEF
California Common Law Trademark Infringement

44. With respect to the allegations of Paragraph 59, Defendants incorporate the responses to the allegations of Paragraphs 1 – 58 contained in this Answer.

45. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 60 and therefore deny the allegations.

46. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 61 and therefore deny the allegations.

47. Defendants deny the allegations of Paragraph 62.

48. Defendants deny the allegations of Paragraph 63.

### FIFTH CLAIM FOR RELIEF
California Unfair Competition
(Cal. Bus. & Prof. Code §§ 17200 *et seq.*)

49. Defendants lack knowledge or belief sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 64 and therefore deny the allegations.

50. With respect to the allegations of Paragraph 65, Defendants incorporate the responses to the allegations of Paragraph 1 – 64 contained in this Answer.

51. Defendants deny the allegations of Paragraphs 66 - 69.

**AFFIRMATIVE DEFENSES**

52. As and for a first, separate and affirmative defense to the Complaint, and to each and every cause of action contained there, Defendants deny that Plaintiffs are entitled to any of the relief requested from Defendants.

53. As and for a second separate and affirmative defense to the Complaint, and to each and every cause of action contained there, Defendants allege that the claims are barred by the applicable statute(s) of limitation.

54. As and for a third separate and affirmative defense to the Complaint, and to each and every cause of action contained there, Defendants allege that any injury Plaintiffs may have suffered is a result of independent acts taken by third parties for which Defendants are not responsible.

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiffs take nothing by reason of its Complaint;
2. For costs of suit incurred herein;
3. For reasonable attorneys' fees; and
4. For such other and further relief as the court deems just and proper.

DATED: AUGUST 23, 2018                BERLINER COHEN LLP

BY: /S/ FRANK R. UBHAUS
FRANK R. UBHAUS
ATTORNEYS FOR DEFENDANTS
DMITRI SHAITOR AND OD NETWORKS